BRIMSTONE R. & CANAL CO. v. UNITED STATES et al.

(District Court, W. D. Louisiana, Lake Charles Division. January 7, 1927.)

No. 241.

Commerce ⊂⊃85(5)—Interstate Commerce Commission held to have authority to make order changing division of joint through rates retroactive: "pursuant to finding or order of commission" (Interstate Commerce Act, §§ 1 (4), 15 (6), as amended by Transportation Act 1920, §§ 400, 418 [Comp. St. §§ 8563, 8583]).

Interstate Commerce Act, § 1 (4), as amended by Transportation Act 1920, § 400 (Comp. St. § 8563), makes it the duty of carriers to establish through routes, and in case of joint rates to establish just and equitable divisions thereof. Section 15 (6) as amended by section 418 (Comp. St. § 8583), authorizes the Interstate Commerce Commission, after hearing, to change such division on a finding that the division in force is unjust and inequitable, and, "in cases, where the joint rate * * * was established pursuant to a finding or· order of the Commission," it may make its 'order changing the division retroactive. Held that, where the rate in question was a changed rate, put into effect by the carriers themselves, but under authority granted by the Commission, it was established "pursuant to a finding or order of the Commission," within the meaning of the statute, and that in making a new division the Commission had power to make the change effective from the date of institution of the proceedings for that purpose.

Dawkins, District Judge, dissenting.

In Equity. Suit by the Brimstone Railroad & Canal Company against the United States and others. Bill dismissed.

For former opinion, see 13 F.(2d) 914.

James T. Kilbreth, of New York City, W. M. Barrow, of Baton Rouge, La., and C. R. Liskow, of Lake Charles, La., for petitioner.

Daniel W. Knowlton and E. M. Reidy, both of Washington, D. C., for Interstate Commerce Commission.

Blackburn Esterline, Asst. Sol. Gen., of Washington, D. C., for the United States.

Harry McCall, of New Orleans, La., for Louisiana & W. R. Co.

Before WALKER, Circuit Judge, and DAWKINS and BURNS, District Judges.

WALKER, Circuit Judge. By the bill in this case the plaintiff, the Brimstone Railroad & Canal Company, challenged the order of the Interstate Commerce Commission, made December 14, 1925, establishing divisions to it of rates jointly established by it and its two trunk line connections, the Louisiana Western Railroad Company and the

Kansas City Southern Railway Company, and making some of those divisions effective from the date of the institution of the proceeding, August 1, 1921, and others effective from July 1, 1922, when previously existing joint rates were reduced. See Divisions Received by Brimstone Railroad & Canal Co., 104 Interst. Comm. Com'n R. 415. The grounds upon which the order was attacked are stated in the opinion rendered when the plaintiff's application for a preliminary injunction was acted upon. Brimstone R. & Canal Co. v. United States, 13 F.(2d) 914. The case is now before us under a submission for a final decree.

Again we have for consideration the question whether the Commission had the right or power to make its order effective from the date of the institution of the proceeding or a date prior to that of the order. Under section 15 (6) of the Interstate Commerce Act as amended by the Transportation Act of 1920 (Comp. St. Supp. 1923, § 8583), the Commission has that power "in cases where the joint rate, fare or charge was established pursuant to a finding or order of the commissioner and the divisions thereof are found by it to have been unjust, unreasonable, or inequitable, or unduly preferential or prejudicial." The rates in question came into existence as results of increasing previously existing rates as authorized by the order made in Increased Rates, 1920, 58 Interst. Comm. Com'n R. 220, and of reducing previously existing rates as authorized by the order made in Reduced Rates, 1922, 68 Interst. Comm. Com'n R. 676. In each instance the carriers took action authorized by the Commission. The changed rates were not the same rates which existed before the changes were made. In establishing the new joint rates, the acts of the carriers were pursuant to a finding or order of the Commission. The act provides for the establishment of joint rates by carriers and by the Commission. Comp. Stat. Supp. 1923, §§ 8563 (4), 8583 (3). This being so, the above-quoted language, "established pursuant to a finding or order of the Commission," cannot properly be given the same meaning the provision would have had if the language used had been "established by the Commission."

We are of opinion that within the meaning of the above-quoted provision the joint rates in question were established pursuant to findings or orders of the Commission. This being so, the Commission was empowered to determine what, for the period subsequent to making of the order of investigation, would have been just, reasonable, and equitable divisions thereof to be received by the plaintiff, and to require adjustment to be made in accordance with that determination. This could be done without at the same time determining the divisions receivable by the other carriers, which were parties to the joint rates in question. New England Divisions Case, 261 U. S. 184, 43 S. Ct. 270, 67 L. Ed. 605. It is quite usual for the judgment or order of a court or tribunal to establish rights or duties as of the date of the institution of the suit or proceeding. At the time of the institution of the proceeding which resulted in the attacked order, it was the duty of the parties to the joint rates in question to establish just, reasonable, and equitable divisions thereof. Comp. Stat. Supp. 1923, § 8563 (4). Certainly Congress could empower the Commission to order compliance with that duty from the date of the commencement of the proceeding instituted for that purpose.

The fact that some of the divisions prescribed are of what are called proportional rates (section 6 [13c], Interstate Commerce Act, as amended; Comp. Stat. Supp. 1923, § 8569 [13]) did not affect the Commission's power to prescribe divisions thereof, as a proportional rate may also be a joint rate, within the meaning of the above-quoted provision. Hocking Valley Ry. Co. v. Lackawanna Coal & R. Co. (C. C. A.) 224 F. 930.

We are of opinion that the attacked order was supported by evidence, and that it was not made to appear that the Commission failed to give due consideration to the things required to be considered in prescribing and determining divisions of joint rates. Interstate Commerce Act, § 15 (6), supra. The Commission's findings in question are not subject to be set aside by a court, unless its action was arbitrary or transcended the legitimate bounds of its authority. It is beyond our province to consider the weight of the evidence or the wisdom of the attacked order. Seaboard Air Line Ry. Co. v. United States, 254 U. S. 57, 41 S. Ct. 24, 65 L. Ed. 129; New England Divisions Case, supra. We conclude that that order is not invalid on any ground suggested, and that the bill should be dismissed. It is so ordered.

DAWKINS, District Judge, respectfully dissents, for the reasons given in the memorandum opinion on preliminary hearing. 13 F.(2d) 914.